UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **REGINALD D. FRANKLIN,** )<br>)<br>**Plaintiff,** )<br>)    **CAUSE NO. 3:05-CV-779 AS**<br>**v.** )<br>)<br>**ADAM DUNCAN,** *et al.,* )<br>)<br>**Defendants.** ) | |

## *OPINION AND ORDER*

Reginald D. Franklin a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> 
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in

> a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Franklin alleges that he lost 180 days good time credit as a result of a conduct report for violating a law by refusing to submit a blood sample for D.N.A. testing. Mr. Franklin alleges that he refused because requiring that he submit a blood sample violates the Fourth Amendment prohibition against unreasonable searches and seizures.

Where the successful prosecution of a civil rights case would undermine or imply the invalidity of a prison disciplinary hearing, the civil rights case cannot proceed unless those findings have been overturned. *Edwards v. Balisok,* 520 U.S. 641 (1997); *see also Heck v. Humphrey*, 512 U.S. 477, 486-7 (1994) ("[T]he conviction [must first be] reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.") Because Mr. Franklin is seeking the restoration of his good time credits, it is clear that the conviction has not yet been set aside.

If Mr. Franklin prevailed in this civil rights lawsuit, that verdict would undermine the prison disciplinary hearing's finding of guilt which resulted in the

loss of 180 days good time. Therefore this case must be dismissed without prejudice.

For the foregoing reasons, this case is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §1915A.

**IT IS SO ORDERED.**

**ENTERED: January  27 , 2006**

                                          **S/ ALLEN SHARP**
                                       **ALLEN SHARP, JUDGE**
                                       **UNITED STATES DISTRICT COURT**